**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DONNA M. KALLMAN,

        Plaintiff,

vs.                                                                      No. CIV 04-1081 JC/DJS

LOVELACE, INC., d/b/a LOVELACE CHILD
CARE CENTER, ALBUQUERQUE POLICE
DEPARTMENT, and KATHERINE GARDUNO,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant Childtime Childcare, Inc.'s *Motion to Dismiss*, filed June 1, 2005 (*Doc. 17*) ("Motion").  At issue in the Motion is Plaintiff's alleged failure without good cause to name and/or timely serve the proper corporate childcare provider.  Having considered the Motion, memoranda submitted by the parties, the relevant authority, and being otherwise fully advised, the Court finds the Motion well-taken and it is, therefore, granted.

I.      **Procedural Background**

Plaintiff originally filed this action in the Second Judicial District Court on June 24, 2004.  The Complaint did not name Childtime Childcare, Inc. ("CCI") as a defendant but instead named Lovelace Childcare Center ("Loveless").   Lovelace and CCI are distinct corporate entities.  *See* Young Aff., filed June 3, 2005 (*Doc. 19*).  The Albuquerque Police Department ("APD") and

Katherine Garduno (collectively "APD Defendants") removed the case to this Court on September

24, 2005.  (*Doc. 1*).  At the Rule 16 scheduling conference before the Honorable James Browning

on January 10, 2005, only counsel for Plaintiff and APD Defendants appeared. The Court inquired

into the status of service upon any remaining parties and Plaintiff's counsel responded that he did not

know who to serve.  The Court then cautioned that the 120-day service of process deadline was near

and advised that if the deadline passed, Plaintiff would be required to show good cause why dismissal

of those parties not served was unwarranted.  *See* FED.R.CIV.P. 4(m).  During the conference, the

Court also advised counsel that the Initial Pretrial Report ("IPTR") would apply to any new

defendants joined in the suit.  The IPTR, filed January 11, 2005 (*Doc. 10*), sets forth a March 4, 2005

deadline for amendment of pleadings and joinder of additional parties, and a June 6, 2005 deadline

for close of discovery.  Finally, on May 12, 2005, CCI was served with a summons and a copy of the

Complaint.  To date, CCI has not been named as a party to this suit.  CCI presently moves the Court

for dismissal pursuant to Rules 12(b)(6) and 4(m) of the Federal Rules of Civil Procedure.

## II.      Discussion

The initial inquiry under Rule 4(m) is whether the plaintiff has shown good cause for her

failure to timely effect service. *Espinoza v. United States*, 52 F. 3d 838, 841(10th Cir. 1995)

(interpreting Rule 4(m) in comparison to the former Rule 4(j) and concluding that the good cause

inquiry remains unchanged).  While the Tenth Circuit has not affirmatively defined good cause, it has

held that neglect, inadvertence, ignorance, actual notice, absence of prejudice, and the running of the

statute of limitations are not sufficient to show good cause. *See Espinoza*, 52 F. 3d at 841; *Despain*

*v. Salt Lake Area Metro Gang Unit*, 13 F. 3d 1436, 1439 (10th Cir.1994).  The standard is narrow

and protects only those plaintiffs who have been vigilant in their efforts to comply with the Rule. *Despain*, 13 F. 3d at 1438.  Neither mere absence of prejudice nor mistake of counsel constitutes "good cause."  *Id.*  Other courts have defined good cause as a good faith, reasonable basis for noncompliance considering factors outside a plaintiff's control such as sudden illness, natural catastrophe or evasiveness on the part of a defendant.  *Gambino v. Village of Oakbrook*, 164 F. R. D. 271 (M. D. Fla. 1995).  If good cause is shown, the plaintiff is entitled to a mandatory extension of time.  *Espinoza*, 52 F. 3d at 841.

In her response to CCI's Motion, Plaintiff cites to no authority supporting her arguments against dismissal for lack of service.  In fact, Plaintiff's Response brief is devoid of any citation to legal authority whatsoever.  Instead, Plaintiff simply states that "there were extenuating circumstances which led to the late service of process on Childtime Childcare."  Resp. at 2.[1]  Yet the Court finds no such extenuating circumstances, particularly in light of CCI's correct name and address appearing prominently in the upper right-hand corner of Plaintiff's pay stubs.  *See* Zoroya Aff.*,* ¶¶ 5, 7; Reply, Ex. 1.  Plaintiff claims the identity of the proper defendant was discernable only upon receipt of APD Defendant's discovery responses, yet in response to Defendant APD's Request for Production No.1, Plaintiff provided copies of her W-2 forms for the years 1999-2002, bearing the correct name and address of her employer.  *See* Supp. Reply, Ex. A.

Even if a plaintiff fails to show good cause for failing to effect timely service, "the district court must still consider whether a permissive extension of time may be warranted." *Espinoza*, 52 F. 3d at 841.  At this juncture "the district court may in its discretion either dismiss the case without

---

[1]With regard to her failure to name CCI as a party, Plaintiff makes no response.  The deadline for joining additional parties has passed.  *See* IPTR.

prejudice or extend the time for service." *Id.* In deciding whether a permissive extension of time should be granted, the district court should consider whether the applicable statute of limitations will bar the action if dismissed and refiled. *Id.* at 842.   A court should also determine whether policy considerations weigh in favor of a permissive extension. *Id.*

In this case, Plaintiff's claims against CCI will be time-barred as a result of a dismissal without prejudice, for the statute of limitations on Plaintiff's claims against CCI expired in October 2005, three years after her termination. *See* Resp. at 2.   *See* Certificate of Completion, filed July 19, 2005 (*Doc. 24*0).   Thus, in this case, dismissal "without prejudice" will not be without consequence. *See Conover v. Lein*, 87 F.3d 905 (7th Cir. 1996).   This fact brings little to bear on the Court's analysis, however, for all other factors weigh heavily against discretionary extension of the deadline whether or not re-filing is barred by statute.   No showing of good cause or extenuating circumstances warranting relief from the provisions of Rule 4(m) has been made or even meaningfully attempted by Plaintiff.

Wherefore,

**IT IS ORDERED** that Defendant Childtime Childcare, Inc.'s *Motion to Dismiss*, filed June 1, 2005 (*Doc. 17*) is GRANTED and Defendant Childtime Childcare, Inc. is DISMISSED from this action WITHOUT PREJUDICE pursuant to FED.R.CIV.P. 4(m).

**IT IS FURTHER ORDERED** that Childtime Childcare, Inc. be awarded its reasonable

costs upon proper application.

Dated November 15, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Donald Sears, Jr., Esq.
    Steven K. Sanders & Associates, LLC
    Albuquerque, New Mexico

Counsel for Defendant Childtime Childcare, Inc.:

    Charlotte Lamont, Esq.
    Bannerman & Williams, P.A.
    Albuquerque, New Mexico

Counsel for Defendants APD and Katherine Garduno:

    Beatrice J. Brickhouse, Esq.
    Albuquerque, New Mexico