# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DONNA M. KALLMAN,

        Plaintiff,

vs.                                                                      No. CIV 04-1081 JC/DJS

LOVELACE, INC., d/b/a LOVELACE CHILD
CARE CENTER, ALBUQUERQUE POLICE
DEPARTMENT, and KATHERINE GARDUNO,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *The Albuquerque Police Department's Motion to Dismiss Plaintiff's Complaint*, filed August 19, 2005 (*Doc. 29*).  The sole issue before the Court is whether the Albuquerque Police Department is an administrative agency to the City of Albuquerque, lacking a separate identity, and as such is an improper party to this action. Having considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully advised, the Court finds the Albuquerque Police Department not a proper defendant.  Therefore, the Motion is granted.

## II.     Legal Standard

When considering a Rule 12(b)(6) motion, courts should assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted but not weigh

potential evidence. *See, e.g., Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)).  The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746 (1976).  The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## III.   Discussion

The background of this case to date is well established and does not bear repeating here. *See* Mem. Op. and Order, filed contemporaneously herewith.  Defendant Albuquerque Police Department ("APD") moves for dismissal of Plaintiff's Complaint against it on the ground that it is an administrative department of the City of Albuquerque and not a separate, suable entity.  In support, APD cites, *inter alia*, *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985).

Plaintiff's cursory Response lacks citation to legal authority. *See* Doc. 35.  Plaintiff merely states that "dismissal is extreme," declares that "[t]his is the first time that the Department has raised the issue to the Court," and asserts that "the City accepted service and has defended the case."  Resp. at 2.  None of these statements bear on the legal inquiry before the Court on this Motion.

The Tenth Circuit has stated that police departments are not suitable entities under Section 1983, as they lack legal identities independent of the municipality. *See Ketchum v. Albuquerque Police Dept.,* No, 91-200, 1992 WL 51481 (10th Cir. 1992) (unpublished opinion citing *Martinez v. Winner*, 771 F.2d at 443).  Accordingly, the New Mexico District Court has consistently held that a police department is not a legal entity which may be held liable apart from a municipal corporation.

*See, e.g., Gonzales v. Morrow*, No. CIV 93-1216 (D.N.M. filed October 25, 1004); *Romero v. City*

*of Albuquerque*, No. CIV 94-832 (D.N.M. filed October 4, 1994); *Flores v. City of Albuquerque*,

No. CIV 92-46 (D.N.M. filed May 28, 1993); *Atencio v. City of Albuquerque*, No. CIV 91-57

(D.N.M. filed August 27, 1991 ); *Howard v. City of Albuquerque*, No. CIV 91-1019 (D.N.M. filed

July 12, 1991).  Consequently, the claims against the Albuquerque Police Department in this matter

are properly dismissed.

WHEREFORE,

**IT IS ORDERED** that *The Albuquerque Police Department's Motion to Dismiss Plaintiff's*

*Complaint*, filed August 19, 2005 (*Doc. 29*) is **GRANTED**.

Dated November 15, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

     Donald Sears, Jr., Esq.
     Steven K. Sanders & Associates, LLC
     Albuquerque, New Mexico

Counsel for Defendant Childtime Childcare, Inc.:

     Charlotte Lamont, Esq.
     Bannerman & Williams, P.A.
     Albuquerque, New Mexico

Counsel for Defendants APD and Katherine Garduno:

     Beatrice J. Brickhouse, Esq.
     Albuquerque, New Mexico